UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HUPP,<br><br>                 Petitioner,<br><br>         v.<br><br>ROB BONTA,<br><br>                 Respondent. | Case No. 5:24-cv-00993-FLA (MAR)<br><br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [DKT. 30]** |

Pursuant to 28 U.S.C. § 636, the court has reviewed the Petition, Dkt. 1, the records on file, and the Report and Recommendation of the United States Magistrate Judge (the "Report"). The court has engaged in *de novo* review of those portions of the Report to which the parties have objected.

The Report recommends the denial of the Petition and the dismissal of this action with prejudice. Dkt. 30 ("R. & R."). Petitioner's objections to the Report do not merit any change to the Report's findings or recommendations. Dkt. 36 ("Obj.").

Petitioner, who wore a concealed leg shackle while representing himself at trial, objects that the shackle caused pain, anguish, anxiety, and distress. *Id.* at 2-3. The California Court of Appeal rejected this claim, finding that "the record forecloses" Petitioner's argument about pain and distress. Dkt. 13-14 at 10. "Not

only did [Petitioner] concede to the trial court that his objection to the brace was not based on discomfort but on the jury's ability to see it, but also the transcripts reveal that he competently and zealously advocated for himself during trial." *Id*. Petitioner objects that the record shows he did complain about the pain and anxiety caused by the shackle, on December 13, 2021.  Obj. at 3.  But the trial record for December 13, 2021, reveals that, although Petitioner objected to the shackle, he did so primarily because of the jury's alleged ability to see it.  Dkt. 13-2 at 96-97; Dkt. 13-6 at 212.  Petitioner fails to identify any part of the record undermining the California Court of Appeal's finding that he competently and zealously advocated for himself during trial.  Thus, as the Report finds, "the Court cannot find the state court's construction of the record was objectively unreasonable."  R. & R. at 28.

Petitioner objects that the Report did not address *State v. Osborn*, 315 Or. App. 102 (2021).  Dkt. 36 at 3-4.  *Osborn* is a state criminal appellate decision that does not involve, as this case does, federal habeas review under the deferential lens of the Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA").  The Report, therefore, did not err in failing to address that state court decision.  *See Kernan v. Cuero*, 583 U.S. 1, 8 (2017) (*per curiam*) (state court decisions are not clearly established federal law for purposes of the AEDPA).

Petitioner objects he was forced to sit at the defense counsel table during the entire trial, while the prosecutor roamed the courtroom, including the well.  Obj. at 4.  As the Report found, it was not objectively unreasonable for the California Court of Appeal to determine that Petitioner "competently and zealously advocated for himself during trial."  Dkt. 13-14 at 10; R. & R. at 29.  Petitioner also failed to "explain how this actually resulted in a 'major disadvantage' for his own self-representation[.]"  R. & R. at 29.

Petitioner objects that his appellate counsel was ineffective for refusing to correct a legion of alleged factual and legal errors and by failing to request oral argument.  Obj. at 4-5.  The only alleged error Petitioner identifies is the failure to

argue on appeal that Petitioner suffered pain, discomfort, and anxiety from the concealed leg shackle.  *Id*. at 4.  As the Report found, "Petitioner has not demonstrated that the leg brace violated his constitutional rights, nor has he explained how the brace had a 'substantial and injurious effect' on the jury's verdict in light of the evidence against him."  R. & R. at 35.  Finally, as the Report found, Petitioner has not shown how appellate counsel's failure to request oral argument was prejudicial.  *Id.* at 34 (citing *United States v. Birtle*, 792 F.2d 846, 848 (9th Cir. 1986) ("The failure of counsel to appear at oral argument or to file a reply brief is not so essential to the fundamental fairness of the appellate process as to warrant application of a per se rule of prejudice.")).

Accordingly, the court ACCEPTS the Report and ORDERS as follows:

1.    The Petition is DENIED; and

2.    Judgment is ENTERED dismissing the action with prejudice.

IT IS SO ORDERED.

Dated: February 18, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

3